21 CV 1362 (AJN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH BOYKIN,

                                                                        Plaintiff,

                                        -against-

 THE CITY OF NEW YORK,

                                                                        Defendant.

**DEFENDANT CITY OF NEW YORK'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO RULE 12(C), FED. R. CIV. P.**

***GEORGIA M. PESTANA***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Mark D. Zuckerman*
*Tel:  (212) 356-3519*
*Matter No. 2021-005562*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.......................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS...........................................................................................1

LEGAL STANDARD ..................................................................................................2

ARGUMENT

      POINT I

           THERE WAS PROBABLE CAUSE TO ARREST
           PLAINTIFF FOR RIDING HIS BICYCLE ON
           THE WEST SIDE HIGHWAY.................................................................4

      POINT II

           PLAINTIFF'S COMPLAINT DOES NOT
           PLAUSIBLY ALLEGE MUNICIPAL
           LIABILITY..............................................................................................7

      POINT III

           PLAINTIFF'S THIRD CLAIM FOR STATE
           LAW FALSE ARREST SHOULD BE
           DISMISSED FOR HIS FAILURE TO MEET THE
           NOTICE OF CLAIM REQUIREMENTS...........................................12

CONCLUSION...........................................................................................................13

**TABLE OF AUTHORITIES**

<u>**Cases**</u>                                                                          <u>**Pages**</u>

An v. City of New York,
   230 F. Supp.3d 224 (S.D.N.Y. 2017) .................................................................12

Aquino v. City of New York,
   16 Civ. 1577 (GHW), 2017 U.S. Dist. LEXIS 10436
   (S.D.N.Y. Jan. 25, 2017) .............................................................................7

Ashcroft v. Iqbal,
   556 U.S. 662 (2008) ................................................................ 2, 3, 9, 10

Banushi v. City of New York,
   09 Civ. 2937 (KAM), 2010 U.S. Dist. LEXIS 109903
   (E.D.N.Y. Oct. 15, 2010) ...........................................................................10

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) .................................................................................2, 3

Boyd v. City of New York,
   336 F.3d 72 (2d Cir. 2003) .........................................................................7

Bradley v. City of New York,
   08 Civ. 1106 (NGG), 2009 U.S. Dist. LEXIS 51532
   (E.D.N.Y. June 18, 2009) ..........................................................................10

Broder v. Cablevision Sys. Corp.,
   418 F.3d 187 (2d Cir. 2005) .......................................................................5

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002) ....................................................................4, 5

City of Canton v. Harris,
   489 U.S. 378 (1989) ....................................................................................8

City of Los Angeles v. Heller,
   475 U.S. 796 (1986) ....................................................................................6

Connick v. Thompson,
   563 U.S. 51 (2011) ...............................................................................11, 12

Cuevas v. City of New York,
   07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984
   (S.D.N.Y. Dec. 7, 2009) ...........................................................................10

**Cases**                                                                                    **Pages**

DeLuca v. AccessIT Group, Inc.,
    695 F. Supp.2d 54 (S.D.N.Y. 2010) ................................................................5

DiFolco v. MSNBC Cable L.L.C.,
    622 F.3d 104 (2d Cir. 2010) ....................................................................4

Dwares v. City of New York,
    985 F.2d 94 (2d Cir. 1993) ....................................................................10

Franks v. City of New York,
    13 Civ. 5264 (KAM), 2017 U.S. Dist. LEXIS 49532
    (E.D.N.Y. Mar. 31, 2017) ......................................................................10

Goodman v. City of New York, et. al.,
    14 Civ. 5261 (CM), 2015 U.S. Dist. LEXIS 37063
    (S.D.N.Y. Feb. 18, 2015) ........................................................................6

Hirsch v. Complex Media, Inc.,
    18 Civ. 5488 (CM), 2018 U.S. Dist. LEXIS 209701
    (S.D.N.Y. Dec. 10, 2018) ........................................................................5

Horvath v. Daniel,
    423 F. Supp.2d 421 (S.D.N.Y. 2006) ..................................................12

Hygh v. Jacobs,
    961 F.2d 359 (2d Cir. 1992) ....................................................................4

Illinois v. Gates,
    462 U.S. 213 (1983) ................................................................................4

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007) ....................................................................3

Irish Lesbian & Gay Org. v. Giuliani,
    143 F.3d 638 (2d Cir. 1998) ....................................................................2

Jaegly v. Couch,
    439 F.3d 149 (2d Cir. 2006) ....................................................................4

Leibovitz v. City of New York,
    15 Civ. 1722 (KAM), 2015 U.S. Dist. LEXIS 84995
    (E.D.N.Y. June 30, 2015) ......................................................................10

**Cases**                                            **Pages**

Martinez v. City of New York,
06 Civ. 5671 (WHP), 2008 U.S. Dist. LEXIS 49203
(S.D.N.Y. June 27, 2008),
aff'd Martinez v. Muentes, 340 Fed. App'x. 700 (2d Cir. July 27,
2009)(Summary Order) ..................................................................................7

McLeod v. Llano,
17 Civ. 6062 (ARR), 2019 U.S. Dist. LEXIS 39925
(E.D.N.Y. Mar. 12, 2019).............................................................................9

Mercado v. City of New York,
08 Civ. 2855 (BSJ)(HP), 2011 U.S. Dist. LEXIS 140430
(S.D.N.Y. Dec. 5, 2011) ...............................................................................8

Michigan v. DeFillippo,
443 U.S. 31 (1979) ........................................................................................4

Miloslavsky v. AES Eng'g Soc'y, Inc.,
808 F. Supp. 351 (S.D.N.Y. 1992),
aff'd, 993 F.2d 1534 (2d Cir. 1993) ..............................................................4

Monell v. Dep't of Social Services,
436 U.S. 658 (1978) ........................................................................... 6, 7, 8, 9

Morris v. City of New York,
20 Civ. 9314 (GBD), 2021 U.S. Dist. LEXIS 186917
(S.D.N.Y. Sept. 29, 2021)..............................................................................9

Oklahoma City v. Tuttle,
471 U.S. 808 (1985) ......................................................................................8

Pembaur v. City of Cincinnati,
475 U.S. 469 (1986) (plurality opinion)........................................................8

Pierson v. Ray,
386 U.S. 547 (1967) ......................................................................................4

Plair v. City of New York,
789 F. Supp. 2d 459 (S.D.N.Y. 2011) ........................................................10

Reynolds v. Giuliani,
506 F.3d 183 (2d Cir. 2007) ................................................................. 11, 12

Ricciuti v. New York City Transit Auth.,
124 F.3d 123 (2d Cir. 1997) .........................................................................4

**<u>Cases</u>**                                                                                          **<u>Pages</u>**

<u>Rowell v. City of N.Y.</u>,
   16 Civ. 6598 (AJN), 2018 U.S. Dist. LEXIS 168203
   (S.D.N.Y. Sept. 28, 2018)......................................................................................9

<u>Singer v. Fulton County Sheriff</u>,
   63 F.3d 110 (2d Cir. 1995) ..................................................................................4

<u>Swinton v. City of New York</u>,
   08 Civ. 3278 (RJD)(RML), 2011 U.S. Dist. LEXIS 32384
   (E.D.N.Y. Mar. 28, 2011)..................................................................................10

<u>Towner v. Town of Cohocton</u>,
   19 Civ. 6638 (CJS), 2021 U.S. Dist. LEXIS 93520
   (W.D.N.Y. May 17, 2021)....................................................................................6

<u>Triano v. Town of Harrison</u>,
   895 F. Supp. 2d 526 (S.D.N.Y. 2012) ...............................................................12

<u>United States v. Scopo</u>,
   19 F.3d 777, 781-82 (2d Cir. 1994)....................................................................6

<u>Vippolis v. Vill. of Haverstraw</u>,
   768 F.2d 40 (2d Cir. 1985) ..................................................................................8

<u>Weyant v. Okst</u>,
   101 F.3d 845 (2d Cir. 1996) ...............................................................................7

<u>Wray v. City of New York</u>,
   490 F.3d 189 (2d Cir. 2007) .................................................................10, 11, 12

**<u>Statutes</u>**

34 R.C.N.Y. §4-07(i)......................................................................................................6

34 R.C.N.Y. §4-12(o)......................................................................................................6

42 U.S.C. § 1983 ...............................................................................................7, 8, 11

Fed. R. Civ. P. 8 .............................................................................................................3

Fed. R. Civ. P. 8(a)(2) ...................................................................................................3

Fed. R. Civ. P. 12(b)(6)..................................................................................................2

Fed. R. Civ. P. 12(c)...................................................................................................1, 2

**<u>Statutes</u>**                                                                                      **<u>Pages</u>**

Local Rule 83.10 .............................................................................................................2

N.Y. Gen. Mun. Law §50-I ........................................................................................12

N.Y. Gen. Mun. Law § 50-e ......................................................................................12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

KEITH BOYKIN,

Plaintiff,

-against-

THE CITY OF NEW YORK,

Defendant.

----------------------------------------------------------------------- x

**DEFENDANT CITY OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

21 CV 1362 (AJN)

## PRELIMINARY STATEMENT

Defendant City of New York (the "City") hereby respectfully submits its Memorandum of Law in Support of its motion for judgment on the pleadings and the dismissal with prejudice of plaintiff's complaint pursuant to Rule 12(c), Fed. R. Civ. P. For the reasons set forth herein, the City's motion should be granted in its entirety, as the undisputed video evidence referenced in plaintiff's complaint, as well as body worn camera footage, demonstrates that he was unlawfully riding his bicycle on the West Side Highway, which was probable cause for his arrest.

## STATEMENT OF FACTS

The following purported facts are alleged to be true by plaintiff in the Complaint: "On May 30, 2020, Plaintiff was working as a freelance reporter covering the protests taking place in New York City following the killing of George Floyd." (Complaint, ¶ 11) "On May 30, 2020, Plaintiff had his press badge on his person, in his wallet, when reporting. He used his bicycle as a means of transportation to cover more ground." (Complaint, ¶ 13) "Plaintiff covered the protest as protestors moved throughout New York City. Throughout the day, Plaintiff posted videos and photos on social media and interviewed protestors." (Complaint, ¶ 14)

"The protestors walked onto the West Side Highway.  As the protestors were approaching an exit on the highway, there was a group of ten or so NYPD officers marching up to the crowd in riot gear."  (Complaint, ¶ 15)  "The officers approached Plaintiff and he notified the officers that he was with the press.  The officers walked past Plaintiff, but they soon turned around and began to approach again."  (Complaint, ¶ 16)  "Plaintiff once again notified the NYPD officers that he was with the press."  (Complaint, ¶ 17)  "One officer, in response, told the Plaintiff that it does not matter if he is with the press.  At approximately 3:30 p.m., the NYPD arrested Plaintiff.  Members of the NYPD used zip ties to restrain the Plaintiff's hands."  (Complaint, ¶ 18)  The videos posted by plaintiff and produced in Local Rule 83.10 discovery herein clearly demonstrate that plaintiff was riding his bicycle (the wrong way) on the West Side Highway as he video recorded.  (Declaration of Mark D. Zuckerman dated November 15, 2021 (hereinafter "Zuckerman Decl."), Exhibits A and B thereto)  Plaintiff was arrested while he was sitting on his bicycle on the West Side Highway.  (Zuckerman Decl., Exhibit C)

"Plaintiff was charged with only minor offenses for 'Disorderly Conduct-Blocking Vehicular Traffic' and 'Walking on a Highway.'"  (Complaint, ¶ 32)  "The charges were ultimately dismissed on September 9 and 14, 2020."  (Complaint, ¶ 34)

## LEGAL STANDARD

"[T]he test for evaluating a 12(c) motion is the same as that applicable to a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6)."  Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (quoting

Twombly, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

Two working principles determine whether a complaint may survive a motion to dismiss.  Ashcroft, 556 U.S. at 678-679.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Id.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Id. (citing Twombly, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. (quoting Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief.'"  Id. (citing Fed. Rule Civ. Proc. 8(a)(2)).

**ARGUMENT**

**POINT I**

**THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF FOR RIDING HIS BICYCLE ON THE WEST SIDE HIGHWAY**

Probable cause to arrest exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (citing Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992)). Probable cause requires only a probability, not an actual showing, of criminal activity. Illinois v. Gates, 462 U.S. 213, 244 n.13 (1983); Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997); Miloslavsky v. AES Eng'g Soc'y, Inc., 808 F. Supp. 351, 354 (S.D.N.Y. 1992), aff'd, 993 F.2d 1534 (2d Cir. 1993). Moreover, the validity of an arrest does not depend upon an ultimate finding of guilt or innocence. Pierson v. Ray, 386 U.S. 547, 555 (1967). Thus, whether the suspect was later acquitted of the charges for which he was arrested is irrelevant to a determination of probable cause at the time of arrest. Michigan v. DeFillippo, 443 U.S. 31, 36 (1979). Additionally, if there is probable cause to arrest, the arrest is not unlawful by virtue of the fact that the arresting officer did not identify a particular charge supported by said probable cause at the time of the arrest. Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("a court may consider 'matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit'"). "Even where a document is

not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document integral to the complaint." Chambers, 282 F.3d at 152-53. "To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents…[and] [t]o be integral to a complaint, the plaintiff must have 1) actual notice of the extraneous information and 2) relied upon the documents in framing the complaint." DeLuca v. AccessIT Group, Inc., 695 F. Supp.2d 54, 60 (S.D.N.Y. 2010) (quoting Chambers at 153). "Insofar as the complaint relies on the terms" of a document either annexed or deemed incorporated by reference, the court "need not accept its description," but may look to the document itself. See Broder v. Cablevision Sys. Corp., 418 F.3d 187, 196 (2d Cir. 2005). Where a video is incorporated by reference or integral to the complaint, it may be considered upon a motion to dismiss, and the "[c]ourt need not accept the party's characterizations" of it. See Hirsch v. Complex Media, Inc., 18 Civ. 5488 (CM), 2018 U.S. Dist. LEXIS 209701, at *6-7 (S.D.N.Y. Dec. 10, 2018).

Here, there are three videos that defendant respectfully requests the Court to consider upon its motion. Exhibits A and B are indisputably videos that plaintiff took while riding his bicycle on the West Side Highway and which his Complaint at ¶ 14 clearly and substantially refers to. Plaintiff obviously had actual notice of the videos he took, and relied on them in framing the Complaint. These videos were thus clearly incorporated by reference in and are integral to the Complaint, and should be considered by the Court upon this motion. Exhibit C to the Zuckerman Decl. is a portion of body worn camera footage by P.O. Frederick Alleyne which undeniably demonstrates that plaintiff was arrested while sitting on his bicycle on the West Side Highway. While plaintiff may not have been in possession of this video while framing his complaint, his complaint certainly relies on video evidence, and he had actual notice as the officers approached

him that they had body worn camera devices.  There is also no dispute that this video accurately

portrays the moments preceding plaintiff's arrest.  Under these circumstances, defendant submits

that this video should be considered as well, see Towner v. Town of Cohocton, 19 CV 6638 (CJS),

2021 U.S. Dist. LEXIS 93520, at *5 (W.D.N.Y. May 17, 2021) ("the video is integral to the

Amended Complaint, since it captures the very event for which plaintiff was arrested and

prosecuted), though it is not necessary to grant the City's motion in light of the Complaint and

plaintiff's videos.

        34 R.C.N.Y. §4-12(o) Use of roadways, in pertinent part, states as follows: "(1)

Pedestrians, horses, bicycles and limited use vehicles prohibited.  In order to provide for the

maximum safe use of the expressways, drives, highways, interstate routes, bridges and thruways

set forth in §4-07 subdivision (i) of these rules and to preserve life and limb thereon, the use of

such highways by pedestrians, riders of horses and operators of limited use vehicles and bicycles

is prohibited, unless signs permit such use."  Exhibits A, B and C to the Zuckerman Decl. clearly

demonstrate that plaintiff was riding his bicycle (the wrong way) on the West Side Highway, and

was even arrested on the West Side Highway while sitting on his bicycle.  There was thus probable

cause to arrest plaintiff under this section of the Rules of the City of New York, see United States

v. Scopo, 19 F.3d 777, 781-82 (2d Cir. 1994) (finding probable cause to arrest where motorist

failed to signal while changing lanes), as "the elements thereof are met by plaintiff's undisputed

conduct as captured on the videotape."  See Goodman v. City of New York, et. al., 14 Civ. 5261

(CM), 2015 U.S. Dist. LEXIS 37063, at *13 (S.D.N.Y. Feb. 18, 2015).

        Probable cause to arrest defeats all three of plaintiff's claims in the Complaint.

Counts One and Two are claims for municipal liability against the City.  Where a plaintiff has

failed to establish a violation of his constitutional rights, there is no basis for a claim of municipal

liability.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (if plaintiff cannot show that her constitutional rights were violated by a City actor, then there cannot be Monell liability); Martinez v. City of New York, 06 Civ. 5671 (WHP), 2008 U.S. Dist. LEXIS 49203, at *12 (S.D.N.Y. June 27, 2008) (noting that "[a] municipality cannot be liable for acts by its employees which are not constitutional violations."), aff'd Martinez v. Muentes, 340 Fed. Appx. 700 (2d Cir. July 27, 2009) (summary order).   The only alleged constitutional violation that plaintiff's complaint suggests resulting from his municipal liability allegations is that he was unlawfully arrested.  (See Complaint, ¶¶47, 53)  However, since there was probable cause for plaintiff's arrest and any prosecution, there can be no underlying constitutional violation sufficient to allege municipal liability.  See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (probable cause is a complete defense to an action for false arrest).

Similarly, since a claim for false arrest is rooted in the Fourth and Fourteenth Amendments, it is substantially the same as a New York state law claim for false arrest.  Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003).  As such, the same analysis should apply to plaintiff's state law claim for false arrest (Count Three), and plaintiff's state law claim for false arrest should be dismissed with prejudice as well.

## POINT II

## PLAINTIFF'S COMPLAINT DOES NOT PLAUSIBLY ALLEGE MUNICIPAL LIABILITY

As seen, Counts One and Two of plaintiff's Complaint are claims against the City for municipal liability.  "In order to hold the City of New York liable under 42 U.S.C. § 1983 for an alleged constitutional violation, plaintiff must plead: "(1) an official policy or custom that (2) cause[d] [plaintiff] to be subjected to (3) a denial of a constitutional right."  Aquino v. City of New York, 16 Civ. 1577 (GHW), 2017 U.S. Dist. LEXIS 10436, at *8 (S.D.N.Y. Jan. 25, 2017).

A municipality may not be held liable under § 1983 on the basis of *respondeat superior*.   Monell v. Dep't of Social Services, 436 U.S. 658, 694-95 (1978).  In order to hold a municipality liable as a "person" within the meaning of §1983, a plaintiff must establish that the municipality itself was somehow at fault.  Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985).

Plaintiff can satisfy the "policy or custom" prong required for municipal liability by alleging "the existence of (1) a formal policy, see  Monell, supra, 436 U.S. at 690; (2) actions taken or decisions made by final municipal policymakers that caused the violation of [plaintiff's] rights, see Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) a practice so persistent and widespread that it constitutes a "custom or usage" and implies the constructive knowledge of policymakers, see Monell, 436 U.S. at 690-91; or (4) a failure to properly train or supervise municipal employees that amounts to "deliberate indifference to the rights of those with whom municipal employees will come into contact."  See City of Canton v. Harris, 489 U.S. 378, 388 (1989).

"The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused him injuries . . . .  Second, the plaintiff must establish a causal connection – an affirmative link – between the policy and the deprivation of his constitutional rights." Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks and citation omitted).  "To establish Monell liability, the causal link must be strong; that is, the policy must be the 'moving force' behind a constitutional violation." Mercado v. City of New York, 08 CV 2855 (BSJ)(HP), 2011 U.S. Dist. LEXIS 140430, at *23 (S.D.N.Y. Dec. 5, 2011) (quoting Monell, 436 U.S. at 691, 694).

Aside from failing to plausibly allege an underlying constitutional violation, plaintiff's municipal liability claims should be dismissed for a number of additional reasons.

8

Counts One and Two of the Complaint allege an unofficial custom or practice of the City.[1] Plaintiff relies on a few research reports in support of such claim, as well to "numerous lawsuits," without properly specifying which ones, or how they are connected to plaintiff's underlying constitutional claim.  (Complaint, ¶¶36-40)   "'Research reports may be used to bolster <u>Monell</u> claims, but only if those reports are sufficiently connected to the specific facts of the case and are of recently recent vintage." <u>McLeod v. Llano</u>, 17 Civ. 6062 (ARR), 2019 U.S. Dist. LEXIS 39925, at *19 (E.D.N.Y. Mar. 12, 2019) (internal quotations omitted); see also <u>Rowell v. City of N.Y.</u>, 16 Civ. 6598 (AJN), 2018 U.S. Dist. LEXIS 168203, at *20 (S.D.N.Y. Sept. 28, 2018) (dismissing complaint where plaintiff did not sufficiently connect Commission to Combat Corruption reports to his specific allegations).

Plaintiff's Complaint simply does not plausibly allege a "practice so persistent and widespread that it constitutes a 'custom or usage and implies the constructive knowledge of policymakers" as required, nor connects such alleged custom or usage to his underlying claim in this case.  See <u>Morris v. City of New York</u>, 20 Civ. 9314 (GBD), 2021 U.S. Dist. LEXIS 186917, at *19-22 (S.D.N.Y. Sept. 29, 2021) ("Plaintiff's <u>Monell</u> claim fails because the [complaint] does not sufficiently allege the existence of a policy, custom or practice that was the driving force of any violation of Plaintiff's constitutional rights.")

As to plaintiff's failure to train theory, which is only set forth in a boilerplate manner in ¶41 of the Complaint, and not in any of his causes of action, such claim, to the extent made, fails for a number of reasons.  First, it is improperly boilerplate.  "The mere assertion . . .

---

[1] The Complaint does not mention the existence of an official policy or deliberate indifference by a final policymaker, and the Complaint certainly does not plausibly allege facts supporting any of the elements of these theories as required under <u>Iqbal</u>.  Plaintiff should thus not be allowed to proceed under these theories of <u>Monell</u> liability.

that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Bradley v. City of New York, 08 Civ. 1106 (NGG), 2009 U.S. Dist. LEXIS 51532, at *8-*9 (E.D.N.Y. June 18, 2009) (citing Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)). Courts routinely dismiss boilerplate assertions of municipal liability. Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (collecting cases). Moreover, wholly conclusory allegations of municipal liability are routinely dismissed by district courts in this Circuit. Franks v. City of New York, 13 Civ. 5264 (KAM), 2017 U.S. Dist. LEXIS 49532, at *14 (E.D.N.Y. Mar. 31, 2017); Leibovitz v. City of New York, 15 Civ. 1722 (KAM), 2015 U.S. Dist. LEXIS 84995, at *12-14 (E.D.N.Y. June 30, 2015); Banushi v. City of New York, 09 Civ. 2937 (KAM), 2010 U.S. Dist. LEXIS 109903, at *35-37 (E.D.N.Y. Oct. 15, 2010) (KAM); Swinton v. City of New York, 08 Civ. 3278 (RJD)(RML), 2011 U.S. Dist. LEXIS 32384, at *15-17 (E.D.N.Y. Mar. 28, 2011) (dismissing as conclusory plaintiff's claim that [ADA's] inflate charges); Cuevas v. City of New York, 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *10 (S.D.N.Y. Dec. 7, 2009) ("Plaintiff's boilerplate allegations against the City … satisfy neither the elements [for municipal liability], nor the pleading requirements set forth in Iqbal"). For this reason alone, such claim, if made, should be dismissed.

        In any event, any failure to train theory of municipal liability is not plausibly alleged either. A municipality's failure to train or supervise its employees may constitute a "policy" or "custom," but a plaintiff premising liability on a claim of failure to train or supervise must show that "the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact." Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007). "Deliberate indifference," as the Supreme Court cautioned, "is a *stringent standard of fault*, requiring proof

that a municipal actor disregarded a known obvious consequence of his action." <u>Connick v. Thompson</u>, 563 U.S. 51, 61 (2011) (emphasis added).  Although a municipality may be liable under §1983 for its policies or customs, only "[i]n limited circumstances [can] a local government's decision not to train certain employees about their duty to avoid violating citizens' rights [] rise to the level of an official government policy for purposes of § 1983." <u>Id.</u> ("municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train").

"[W]here a city has a training program, a plaintiff must . . . identify a *specific deficiency* in the city's training program and establish that that deficiency is *closely related to the ultimate injury*, such that it actually caused the constitutional deprivation." <u>Wray</u>, 490 F.3d at 196 (internal quotation marks and citations omitted; emphasis added).  "[A] training program must be quite deficient in order for the deliberate indifference standard to be met:  the fact that training is imperfect or not in the precise form a plaintiff would prefer is insufficient to make such a showing." <u>Reynolds v. Giuliani</u>, 506 F.3d 183, 193 (2d Cir. 2007).

To succeed on a "deliberate indifference" theory, a plaintiff must show that (i) "city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights," and notwithstanding such notice, (ii) "the policymakers choose to retain that program." <u>Connick</u>, 563 U.S. at 61.  With respect to claims alleging failure to train, it is "ordinarily necessary" to establish a "pattern of similar constitutional violations by untrained employees." <u>Id.</u> at 62 ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.").  "[A] failure to act, train, or supervise can constitute a municipal custom 'only where the need to act is

so obvious, and the inadequacy of current practices so likely to result in a deprivation of federal rights, that the municipality or official can be found deliberately indifferent to the need.'" Triano v. Town of Harrison, 895 F. Supp. 2d 526, 534 (S.D.N.Y. 2012) (quoting Reynolds, at 192.)

Plaintiff's failure to train theory fails for a number of additional reasons.  First, plaintiff has not alleged a "pattern of similar constitutional violations by untrained employees" necessary to plausibly allege deliberate indifference under Connick.  Second, plaintiff has not pointed to a specific deficiency in any NYPD training program that is closely related to his alleged injury as required.  See Wray, supra, at 196.   Third, plaintiff has also failed to plead that the City did not investigate any other "similar incidents" alleged in the Complaint, which is a necessary element of such a claim.  An v. City of New York, 230 F. Supp.3d 224, 231 (S.D.N.Y. 2017) (complaint was inadequate as there was no allegation that the City, once on notice of a deficiency in its training programs, failed to investigate any such inadequacy).  Finally, the Complaint does not plausibly suggest that any alleged failure to train was the "moving force" behind plaintiff's underlying constitutional claims.  As such, all of plaintiff's municipal liability claims should be dismissed for these additional reasons.

### POINT III

**PLAINTIFF'S THIRD CLAIM FOR STATE LAW FALSE ARREST SHOULD BE DISMISSED FOR HIS FAILURE TO MEET THE NOTICE OF CLAIM REQUIREMENTS**

"[N.Y. Gen. Mun. Law §] 50-e requires that a Notice of Claim be filed within ninety days of the incident giving rise to the claim.  A plaintiff must plead in the complaint that: 1) the Notice of Claim was served; 2) at least thirty days has elapsed since the Notice of Claim was filed and before the complaint was filed; and 3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim."  Horvath v. Daniel, 423 F. Supp.2d 421, 423 (S.D.N.Y. 2006) "Under §50-I, unless the plaintiff has complied with the Notice of Claim requirement the action

12

cannot commence." Id.  "'Notice of claim requirements are construed strictly by New York state courts.'" Id. (internal quotations omitted)

Plaintiff's complaint is devoid of allegations that he has satisfied the above notice of claim requirements.  As such, Count Three of the Complaint for state law false arrest should be dismissed for this reason as well.

## CONCLUSION

For the foregoing reasons, the City's motion to dismiss should be granted in its entirety and plaintiff's Complaint dismissed with prejudice, as plaintiff's own videos demonstrate he was unlawfully riding his bicycle on the West Side Highway prior to his arrest.

Dated:        New York, New York
              November 15, 2021

GEORGIA M. PESTANA
Corporation Counsel of the
  City of New York
Attorney for Defendant City of New York
100 Church Street, Room 3-133b
New York, New York 10007
(212) 356-3519


By:    /s/ Mark D. Zuckerman
       _____
       MARK D. ZUCKERMAN
       Senior Counsel

13