21 Civ. 1362 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH BOYKIN,

                                                                      Plaintiff,

- against -

THE CITY OF NEW YORK,

                                                                      Defendant.

**DEFENDANT CITY OF NEW YORK'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
    *Attorney for Defendant City of New York*
    *100 Church Street*
    *New York, N.Y.  10007*

    *Of Counsel:  Mark Zuckerman*
    *Tel:  (212) 3519*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... II

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT

    POINT I

        PLAINTIFF DOES NOT DISPUTE THAT HE WAS RIDING HIS BICYCLE ON THE WEST SIDE HIGHWAY ............................................................................ 1

    POINT II

        ANY ADDITIONAL CLAIMS OF UNDERLYING CONSTITUTIONAL VIOLATIONS FAIL ............................................................................ 7

    POINT III

        PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE MUNICIPAL LIABILITY ............................................................................ 8

CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                           **Pages**

An v. City of New York,
    230 F. Supp.3d 224 (S.D.N.Y. 2017) ...................................................................................... 8

Ashcroft v. Iqbal,
    556 U.S. 662 (2008) ........................................................................................................ 4

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ........................................................................................................ 4

Bery v. City of New York,
    97 F.3d 689 (2d Cir. 1997) .............................................................................................. 3

Blyden v. Mancusi,
    186 F.3d 252 (2d Cir. 1999) ............................................................................................ 7

Calderon v. City of New York,
    138 F. Supp.3d 593 (S.D.N.Y. 2015) .............................................................................. 9

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002) ............................................................................................ 5

Chen v. City Univ. of New York,
    11 Civ. 0320 (CM), 2011 U.S. Dist. LEXIS 130094
    (S.D.N.Y. Nov. 9, 2011) .................................................................................................. 2

Collins v. City of New York, et. al.,
    923 F. Supp.2d 462 (E.D.N.Y. 2013) .............................................................................. 8

Connick v. Thompson,
    563 U.S. 51 (2011) ..................................................................................................... 8, 9

DiFolco v. MSNBC Cable L.L.C.,
    622 F.3d 104 (2d Cir. 2010) ............................................................................................ 5

Dorsett v. County of Nassau,
    732 F.3d 157 (2d Cir. 2013) ............................................................................................ 7

Freedom Holdings, Inc. v. Spitzer,
    357 F.3d 205 (2d Cir. 2004) ............................................................................................ 2

Garcia v. Doe,
    779 F.3d 84 (2d Cir. 2014) .............................................................................................. 1

**Cases**                                                                                                                                                          **Pages**

Goodman v. City of New York, et. al.,
    14 Civ. 5261 (CM), 2015 U.S. Dist. LEXIS 37063
    (S.D.N.Y. Feb. 18, 2015) ............................................................................................. 2

Hygh v. Jacobs,
    961 F.2d 359 (2d Cir. 1992) ........................................................................................ 4

Isaac v. City of New York,
    16 Civ. 4729 (KAM)(RLM), 2018 U.S. Dist. LEXIS 132995
    (E.D.N.Y. Aug. 6, 2018) ............................................................................................. 9

Marcavage v. City of New York,
    689 F.3d 98 (2d Cir. 2012) .......................................................................................... 3

Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills,
    815 F. Supp.2d 679 (S.D.N.Y. 2011) .......................................................................... 2

Nigro v. City of New York,
    19 Civ. 2369 (JMF), 2020 U.S. Dist. LEXIS 166316
    (S.D.N.Y. Sept. 11, 2020) ....................................................................................... 7, 9

Nikci v. Quality Building Services,
    995 F. Supp.2d 240 (S.D.N.Y. 2013) .......................................................................... 2

Pell v. Rocunier,
    417 U.S. 817 (1974) ................................................................................................... 3

Pettiford v. City of Yonkers,
    14 Civ. 6271 (JCM), 2021 U.S. Dist. LEXIS 116618
    (S.D.N.Y. June 21, 2021) .......................................................................................... 10

Reynolds v. Giuliani,
    506 F.3d 183 (2d Cir. 2007) ....................................................................................... 9

Rowell v. City of New York,
    16 Civ. 6598 (AJN), 2018 U.S. Dist. LEXIS 168203
    (S.D.N.Y. Sept. 28, 2018) ........................................................................................... 8

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d Cir. 1995) ......................................................................................... 4

Tieman v. City of Newburgh,
    13 CV 4178 (KMK), 2015 U.S. Dist. LEXIS 38703
    (S.D.N.Y. Mar. 26, 2015) ........................................................................................... 8

| **Cases** | **Pages** |
|---|---|

Walker v. City of New York, et. al.,
    14 CV 808 (ER), 2015 U.S. Dist. LEXIS 91410
    (S.D.N.Y. July 14, 2015) ............................................................................................... 10

**Statutes**

34 R.C.N.Y. §4-12(o) ............................................................................................................ 1, 3, 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1, 6

Fed. R. Civ. P. 12(c) ..................................................................................................................... 6

Fed. R. Civ. P. 12(d) .................................................................................................................... 6

Fed. R. Civ. P. 56 ......................................................................................................................... 6

Local Rule 83.10 .......................................................................................................................... 6

**PRELIMINARY STATEMENT**

Defendant City of New York (the "City") hereby respectfully submits its Memorandum of Law in further support of its motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. For the reasons set forth in the City's opening Memorandum of Law, and herein, the City's motion should be granted in its entirety and plaintiff's amended complaint dismissed with prejudice,[1] as plaintiff does not dispute that he was riding his bicycle on the West Side Highway, which gave rise to probable cause to arrest him.

**ARGUMENT**

**POINT I**

**PLAINTIFF DOES NOT DISPUTE THAT HE WAS RIDING HIS BICYCLE ON THE WEST SIDE HIGHWAY**

In response to the City's motion, plaintiff does not take issue with the City's argument that if there was probable cause to arrest pursuant to 34 R.C.N.Y. §4-12(o), such would defeat his municipal liability claim based on alleged false arrest. Most significantly, plaintiff does not argue that he was not riding his bicycle on the West Side Highway or that his arresting officers did not observe him using his bicycle on the West Side Highway at the time of his arrest.

Plaintiff also does not take issue with the City's argument that the videos it submitted in support of the motion should be considered. The plaintiff having not argued that the videos should be excluded from the Court's consideration of the City's motion, the Court should consider them because they have been incorporated by reference in and are integral to the amended complaint. See Garcia v. Doe, 779 F.3d 84, 87 n.2 (2d Cir. 2014) (considering video submitted by parties when the parties do not contest the inclusion of the video in the court's review of the

---

[1] Plaintiff's alternative motion to amend should be denied as he has already had the opportunity to file a complaint and an amended complaint, any amended complaint would be futile and the Court has already ruled that it was "unlikely" that any additional amendment would be allowed. Docket 48.

pleadings); Nikci v. Quality Building Services, 995 F. Supp.2d 240, 244 n.1 (S.D.N.Y. 2013) (considering video relied on in complaint and made a part of record in motion to dismiss briefing).

Based on the video evidence submitted by the City, it is clear that plaintiff was riding his bicycle on the West Side Highway and was observed by his arresting officers sitting on and using his bicycle at the time of his arrest, and he does not even take issue with these facts in his response. The video evidence thus defeats plaintiff's false arrest municipal liability claim. See Goodman v. City of New York, et. al., 14 Civ. 5261 (CM), 2015 U.S. Dist. LEXIS 37063, at *13 (S.D.N.Y. Feb. 18, 2015) (summary judgment granted where "the elements [of the criminal charges] are met by plaintiff's undisputed conduct as captured on the videotape.").

Plaintiff makes a series of arguments that are specious. First, plaintiff argues that he was "selectively arrested." (Plaintiff's Memorandum of Law, pp. 11-15) Plaintiff's "selective arrest" argument is made without reference to legal authority of any kind. Further, selective enforcement is subject to equal protection principles, and is not even pled in plaintiff's amended complaint. Plaintiff's "selective arrest" theory should be rejected on this basis alone.

In any event, "[t]o establish a violation of the Equal Protection Clause based on selective enforcement, a plaintiff must… show the following: (1) that the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 234 (2d Cir. 2004). Plaintiff "must establish that such unequal treatment was the result of intentional and purposeful discrimination." Chen v. City Univ. of New York, 11 Civ. 0320 (CM), 2011 U.S. Dist. LEXIS 130094, at *17 (S.D.N.Y. Nov. 9, 2011). "Selective

2

enforcement claims require that comparators be "similarly situated in all respects." <u>Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills</u>, 815 F. Supp.2d 679, 696 (S.D.N.Y. 2011).

Plaintiff's amended complaint does not meet the foregoing test. The videos submitted by the City demonstrate that plaintiff was arrested because he was riding on and using his bicycle on the West Side Highway in violation of 34 R.C.N.Y. §4-12(o). There was probable cause for his arrest based thereon and plaintiff's amended complaint does not even plead any "similarly situated" comparators. There are no facts alleged in the amended complaint of intentional discrimination either, as the videos show that the officers approached plaintiff to arrest him from hundreds of yards away and thus did not even know whether or not he was a member of the press. Finally, contrary to his argument, plaintiff has not plausibly alleged that the officers were instructed to arrest anyone without probable cause, including plaintiff.

Second, plaintiff seems to argue throughout his opposition brief that he should have been allowed to ride his bicycle on the West Side Highway because he purports to be a member of the press. Once again, plaintiff cites no authority in support of such a proposition. Plaintiff seems to be arguing that it is acceptable for him to violate the law as long as he claims to be a member of the press. "However, [t]he Constitution does not,…, require government to accord the press special access to information not shared by members of the public generally." <u>Pell v. Rocunier</u>, 417 U.S. 817, 834 (1974). Further, the City "certainly has a significant interest in keeping its public spaces safe…." <u>Marcavage v. City of New York</u>, 689 F.3d 98, 104 (2d Cir. 2012) (quoting <u>Bery v. City of New York</u>, 97 F.3d 689, 697 (2d Cir. 1997)). The general public does not have the right to ride, walk or use their bicycles on the West Side Highway in the obvious interest of public safety, and neither does plaintiff, even if he was a member of the press. Plaintiff's argument is meritless.

Third, plaintiff argues that there is a "public authority defense" applicable to his conduct because he now claims that the NYPD somehow "facilitated" protestors to take over the West Side Highway on May 30, 2020. But he has pled no facts in his amended complaint sufficient to meet the Iqbal plausibility standard as to such a defense to the obvious probable cause to arrest that exists in this case. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Plaintiff just pleads that the NYPD "facilitated" the protestors taking over the West Side Highway. Such an allegation is completely and improperly conclusory and false. Plaintiff does not cite to any government permit for protestors to take over the West Side Highway, or that the NYPD allowed or authorized the West Side Highway to be taken over by protestors. There are no facts pled as to "entrapment" either. Plaintiff's "public authority defense" fails.

Fourth, plaintiff cites to the "apology" email of Freddie Goldstein, the Mayor's then press secretary, and argues that it dictates that the City's motion be denied. (See Exhibit to 6 to Declaration of Andrew L. Dubin and pp. 15-16 of plaintiff's Memorandum of Law) Regardless of whether the email ultimately will meet a hearsay exception, it should not change the outcome of this motion, as it is completely irrelevant.[2] As plaintiff seems to concede, the relevant inquiry is whether "the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (citing Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992)). Based on the video evidence to which plaintiff

---

[2] It took the video evidence in this case to get plaintiff to concede that he was riding his bicycle on the West Side Highway. There is no indication that plaintiff told Ms. Goldstein that he was riding his bicycle on the West Side Highway prior to his arrest or what he told her that he did that led to his arrest.

has no objection, there was probable cause for plaintiff's arrest in the possession of the arresting officers based upon plaintiff's riding a bicycle on the West Side Highway and/or otherwise using it. Further, the cited to email does not even in any way state that there was no probable cause to arrest by the arresting officer, but rather seems to allude to other policy considerations.

Fifth, plaintiff argues that the arresting officers did not actually see him riding his bicycle on the West Side Highway, but rather only saw him sitting on his bicycle on the West Side Highway at the time of his arrest. 34 R.C.N.Y. §4-12(o) states that "the use of such highways by pedestrians,…and bicycles is prohibited." Since it undisputed that plaintiff was using his bicycle on the West Side Highway, and the officers observed that conduct, there was clearly probable cause to arrest him for violating 34 R.C.N.Y. §4-12(o), whether or not he was actually riding his bicycle when his arresting officers observed him on the West Side Highway.[3]

Sixth, plaintiff argues that the five full length BWC videos that he submits with his opposition brief are dispositive of the City's motion. Plaintiff contends that the Court should consider the five videos that he submitted with his response to defendant's motion to dismiss simply because he contends that he "relies" on them. Docket 57. However, this is the inappropriate standard. In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which

---

[3] Plaintiff does not dispute that if there was probable cause for the officers to believe that 34 R.C.N.Y. §4-12(o) was violated, that he could not be arrested.

renders the document integral to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002)

In support of the City's motion to dismiss, defendant submitted three short videos of approximately one minute duration in total which establish probable cause for plaintiff's arrest since it shows him riding and using his bicycle on the West Side Highway in violation of the law. Defendant applied the above standards in arguing that its video evidence should be considered. Plaintiff in response does not oppose the Court's consideration of the City's video evidence.

Plaintiff, however, submitted in response to the City's motion the entirety of the BWC footage produced by the City in Local Rule 83.10 discovery. These videos are not referenced in the amended complaint in any way, and plaintiff has not applied the above standards nor properly argued that these videos should be considered upon the City's motion to dismiss.

The submission of such extensive video evidence seems designed, improperly, to have the Court convert defendants' motion to a motion for summary judgment. Rule 12(d), Fed. R. Civ. P., states as follows: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Even though plaintiff's videos fully support defendant's arguments made upon its motion to dismiss, plaintiff has not made a proper showing under the foregoing authorities that the five full length BWC videos are appropriate for consideration upon defendant's motion to dismiss[4] beyond any video footage contained therein of plaintiff's arrest. The City's motion to dismiss should not be treated as a motion for summary judgment.

---

[4] Even should the Court consider the videos submitted with plaintiff's opposition, the videos do not reflect that the NYPD "facilitated" the subject protest, but rather demonstrate that NYPD officers were engaged in law enforcement activity and were attempting to keep traffic moving on the West Side Highway.

6

## POINT II
## ANY ADDITIONAL CLAIMS OF UNDERLYING CONSTITUTIONAL VIOLATIONS FAIL

In defendant's opening brief, the City addressed two other underlying constitutional claims alluded to in the amended complaint, First Amendment retaliation and tight handcuffing. Plaintiff does not address the City's argument as to why plaintiff's tight handcuffing claim should be dismissed, namely that the force used and any injury alleged were *de minimis*. Plaintiff has apparently abandoned that claim by not responding to the City's meritorious argument.

The City made four arguments as to why any First Amendment retaliation claim made in the amended complaint should be dismissed. (Defendant's Memorandum of Law, pp. 10-13) Plaintiff only tangentially responds to the City's "motivation" and "causation argument," which is the second prong of the three part test for First Amendment retaliation. Dorsett v. County of Nassau, 732 F.3d 157, 160 (2d Cir. 2013). Plaintiff argues that since plaintiff told his arresting officers that he was a member of the press, that the officers somehow had improper motivations in arresting him. But the NYPD BWC footage of plaintiff's arrest demonstrate that the decision to arrest plaintiff for using his bicycle on the West Side Highway was made as the officers approached plaintiff from hundreds of yards away while he was sitting on his bicycle. Plaintiff's arrest was based only upon probable cause that the officers had for it and not improper considerations.

In plaintiff's opposition, he seems to be attempting to infuse a Fourteenth Amendment "conditions of confinement" claim into this case. No such claim is made in his amended complaint. In any event, a short duration of an uncomfortable stay in a police van does not amount to a constitutional violation. See Blyden v. Mancusi, 186 F.3d 252, 263 (2d Cir. 1999) ("only extreme deprivations are sufficient to sustain a 'conditions-of-confinement' claim").

7

## POINT III
### PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE MUNICIPAL LIABILITY

In response to the City's motion, plaintiff contends that he has plausibly alleged municipal custom or practice and failure to train theories that caused him to be falsely arrested on May 30, 2020. To demonstrate a custom or practice, plaintiff must allege that the City has a pattern "so persistent and widespread as to practically have the force of law." Nigro v. City of New York, 19 Civ. 2369 (JMF), 2020 U.S. Dist. LEXIS 166316, at *17 (S.D.N.Y. Sept. 11, 2020) (quoting Connick v. Thompson, 563 U.S. 51, 61 (2011)).

Plaintiff's custom or practice municipal liability claim fails for a number of reasons. As argued in the City's opening brief, plaintiff relies principally on unrelated research reports in support of his "custom or practice" claim. None of those research reports, however, are sufficiently and specifically connected to the facts of this case. See Rowell v. City of New York, 16 Civ. 6598 (AJN), 2018 U.S. Dist. LEXIS 168203, at *20 (S.D.N.Y. Sept. 28, 2018) (dismissing complaint where plaintiff did not sufficiently connect research reports to his specific allegations).

Plaintiff also contends that the DOI and Corporation Counsel reports, which are completely unrelated to the specific facts of this case, and referred to in ¶¶65-66 of his amended complaint, are sufficient to plausibly allege a custom or practice. (see plaintiff's MOL at p. 18) These reports are insufficient for an additional reason. Both reports post-date the date of incident in this case and therefore cannot be used to establish a "custom or practice." See Tieman v. City of Newburgh, 13 CV 4178 (KMK), 2015 U.S. Dist. LEXIS 38703, at *48-49 (S.D.N.Y. Mar. 26, 2015) (citing Collins v. City of New York, et. al., 923 F. Supp.2d 462, 479 (E.D.N.Y. 2013)) (even "a 'litany of other police-misconduct cases' discussed in plaintiff's complaint 'were insufficient to make a plausible case for Monell liability,' because they…post-dated the alleged misconduct in the case at hand…")

8

Plaintiff also argues that the civil lawsuits referred to in the amended complaint are sufficient to allege a custom or practice. However, virtually none of them resulted in an "adjudication of liability," which has been a basis of courts to reject the argument that the mere existence of civil complaints is sufficient to plead an unlawful "custom or usage." See An v. City of New York, 230 F. Supp.3d 224, 229-230 (S.D.N.Y. 2017) (dismissing custom or practice municipal liability claim where cited to lawsuits did not result in adjudications against defendant).

Plaintiff does not point to anything in such reports or lawsuits that resembles his allegations here, i.e., namely that he was riding his bicycle on the West Side Highway, and that he should have been excused from being arrested because he was "arrested selectively," that he was a member of the press or that he was somehow authorized by the City to ride his bicycle on the West Side Highway. See Nigro, supra, at *17-18 (dismissing custom or practice claim, in part, as other incidents cited to were not similar to plaintiff's underlying constitutional claim).

Plaintiff's failure to train theory fares no better. An element of such claim is "deliberate indifference" on the part of the City to the point of a "moral certainty." Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007). For a number of reasons, plaintiff's amended complaint fails to allege, plausibly, a "pattern of similar constitutional violations by untrained employees." See Connick, supra, at 62. First, the DOI and Corporation Counsel reports are from December, 2020, and thus post-date plaintiff's arrest. Second, plaintiff fails to identify in any more than a conclusory manner which lawsuits put the City on notice of deficiencies in its training programs, and plaintiff fails to allege that such constitutional violations alleged in other lawsuits or research reports were similar in light of the underlying constitutional violations plaintiff alleges in this case. "Deliberate indifference" is thus not plausibly alleged.

Plaintiff fails to respond to the City's argument that the amended complaint fails to allege a specific deficiency in any of the City's training programs that is closely related to the injury he claims. "Even at the pleading stage, some 'non-conclusory allegation of deficient training programs is necessary.'" Isaac v. City of New York, 16 Civ. 4729 (KAM)(RLM), 2018 U.S. Dist. LEXIS 132995, at *55 (E.D.N.Y. Aug. 6, 2018) (M.J. Mann) (quoting Calderon v. City of New York, 138 F. Supp.3d 593, 614 (S.D.N.Y. 2015)). No such specific deficiency is set forth by plaintiff.

Plaintiff also fails to respond to the City's meritorious argument that he must, and has failed to, plead that the City did not investigate any such "similar incidents." Walker v. City of New York, et. al., 14 CV 808 (ER), 2015 U.S. Dist. LEXIS 91410, at *29 (S.D.N.Y. July 14, 2015) ("although Plaintiff alleges a pattern of allegations about similar misconduct, he does not specifically claim that the City failed to investigate the list of lawsuits."). This is fatal to his claim.

Finally, all of plaintiff's municipal liability allegations fail based on lack of causation. "The policy must be 'closely related to' or the 'moving force behind' the ultimate injury." Pettiford v. City of Yonkers, 14 Civ. 6271 (JCM), 2021 U.S. Dist. LEXIS 116618, at *20 (S.D.N.Y. June 21, 2021) (internal quotations omitted). As seen, in response to the City's motion, plaintiff makes arguments that it was lawful for him to have been riding his bicycle on the West Side Highway because he was "selectively arrested," was a member of the press, and the City "authorized" him to do so. Plaintiff has failed to plausibly allege that any of the policies he challenges was the "moving force behind" or closely related to the constitutional injury he claims.

## CONCLUSION

For the reasons set forth in its opening Memorandum of Law, and herein, the City's motion to dismiss plaintiff's amended complaint should be granted, and plaintiff's amended complaint dismissed with prejudice.

Dated:       New York, New York
             June 28, 2022

                                            HON. SYLVIA O. HINDS-RADIX
                                            Corporation Counsel of the
                                              City of New York
                                            Attorney for Defendant City of New York
                                            100 Church Street, Room 3-133b
                                            New York, New York 10007
                                            (212) 356-3519

                                            By:    /s/ Mark D. Zuckerman
                                                      MARK D. ZUCKERMAN
                                                      Senior Counsel