UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
KEITH BOYKIN,                        :
                                     :
                    Plaintiff,       :        21cv1362 (DLC)
                                     :
         -v-                         :        OPINION AND ORDER
                                     :
THE CITY OF NEW YORK,                :
                                     :
                    Defendant.       :
                                     :
------------------------------------ X

APPEARANCES:

For plaintiff Keith Boykin:
Eliezer Honig
Lowenstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068

Andrew Lane Dubin
Lowenstein Sandler LLP
1251 Avenue of the Americas
17th Floor
New York, NY 10020

For defendant the City of New York:
John L Garcia
LaRocca Hornik Rosen & Greenberg LLP
40 Wall Street, 32nd Fl.
New York, NY 10005

Kathleen Deborah Reilly
Mark David Zuckerman
NYC Law Department, Office of the Corporation Counsel (NYC)
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

     This case arises out of the arrest of the journalist Keith

Boykin during a May 30, 2020 "George Floyd Protest" on the West

Side Highway in New York City.  Boykin brings claims under 42
U.S.C. § 1983 against the City of New York (the "City") for
false arrest and a violation of his First Amendment rights.  The
City moves under Rule 12(b)(6) of the Federal Rules of Civil
Procedure to dismiss the first amended complaint ("FAC") in its
entirety.  For the reasons that follow, the defendant's motion
to dismiss is granted.

## BACKGROUND

The following facts are taken from the FAC.  Boykin is a
successful author and journalist.  He has roughly ten years of
experience covering protests as a journalist.

On May 30, 2020, Boykin, working as a freelance reporter,
covered a protest in response to the murder of George Floyd by
police in Minneapolis, Minnesota.  The protest began in Harlem
and proceeded south into Manhattan.  Boykin followed the protest
on his bicycle, posting videos and photographs to his Twitter
account.  Eventually, the protestors proceeded onto the West
Side Highway, a highway in Manhattan that runs along the Hudson
River.  Boykin followed on his bicycle and went onto the
highway.

During the protest, the New York Police Department ("NYPD")
blocked off both the north and southbound lanes of a portion of
the highway around West 99th Street.  Protestors marched south

on the highway from around West 104th Street towards an exit on
West 95th Street, while a group of NYPD officers marched north
towards them.

Around West 101st Street, Boykin pulled to the side of the
highway to post some of his coverage of the protest online.
NYPD officers approached Boykin while he was sitting on his
bicycle at the side of the road.  Boykin notified the officers
that he was with the press, and one officer replied, "I don't
care.  You can't be on the road.  Get off the bike.  You are
under arrest."  At about 3:30 p.m., NYPD officers arrested
Boykin.  Boykin was detained for approximately six hours.

Police charged Boykin with two offenses -- (1) "Disorderly
Conduct -- Blocking Vehicular Traffic" and (2) "Walking on a
Highway".  The day after Boykin's arrest, the press secretary
for the City's Mayor emailed Boykin that she "want[ed] to
apologize for what happened" and stating that "[i]t never should
have happened."  On June 5, 2020, the New York State Attorney
General, Letitia James, contacted Boykin stating that her team
was "eager to connect" with Boykin about his "encounter with the
NYPD."  The State of New York dismissed the charges against
Boykin in September 2020.

On February 16, 2021, Boykin filed this action.  He
asserted two causes of action under 42 U.S.C. § 1983, alleging

that the City violated his rights under the First and Fourth Amendments of the United States Constitution.[1]

On November 15, 2021, the City moved for judgment on the pleadings.  On April 15, 2022, the Court gave Boykin an opportunity to amend the complaint and warned that it was unlikely that he would have a further opportunity to amend.  On May 6, Boykin filed the FAC.  On June 3, 2022, the City moved to dismiss the FAC under Rule 12(b)(6).  The motion became fully submitted on June 28.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sierra Club v. Con-Strux, LLC, 911 F.3d 85, 88 (2d Cir. 2018) (citation omitted). A claim to relief is plausible when the factual allegations in the complaint "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Progressive Credit Union v. City of New York, 889 F.3d 40, 48 (2d Cir. 2018) (citation omitted).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Carlin v. Davidson Fink

---

[1] Boykin's complaint included a state law claim for false arrest. Boykin omitted this claim when he amended his complaint.

LLP, 852 F.3d 207, 212 (2d Cir. 2017) (citation omitted).  The

plaintiff must plead enough facts to "nudge[] [his] claims

across the line from conceivable to plausible . . . ."  Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

     Section 1983 provides a cause of action for damages against

"[e]very person who, under color of any statute, ordinance,

regulation, custom, or usage, of any State . . . subjects, or

causes to be subjected, any citizen . . . to the deprivation of

any rights, privileges, or immunities secured by the

Constitution and laws."  42 U.S.C. § 1983.  Under the principles

articulated in Monell v. Department of Social Services of City

of New York, 436 U.S. 658, 694 (1978), a municipal government

may be liable for a violation of § 1983.  Connick v. Thompson,

563 U.S. 51, 60 (2011).  "The elements of a Monell claim are (1)

a municipal policy or custom that (2) causes the plaintiff to be

subjected to (3) the deprivation of a constitutional right."

Agosto v. N.Y.C. Dep't of Educ., 982 F.3d 86, 97 (2d Cir. 2020).

"Monell expressly prohibits respondeat superior liability for

municipalities, meaning that a plaintiff must demonstrate that

through its deliberate conduct, the municipality was the 'moving

force' behind the injury alleged."  Id. at 97-98 (citation

omitted).  An individual cannot assert a valid claim under

Monell without an underlying violation of the individual's

rights.  Matican v. City of New York, 524 F.3d 151, 154 (2d Cir.
2008).

Boykin brings two causes of action against the City under
§ 1983 based on alleged violations of his First and Fourth
Amendment rights.  Because the dispute primarily concerns
whether the police had probable cause to arrest him, the Fourth
Amendment claim is addressed first.

I.   Fourth Amendment

Boykin's § 1983 false arrest claim under the Fourth
Amendment is dismissed.  "The existence of probable cause to
arrest -- even for a crime other than the one identified by the
arresting officer -- will defeat a claim of false arrest under
the Fourth Amendment."  Figueroa v. Mazza, 825 F.3d 89, 99 (2d
Cir. 2016).  "Probable cause to arrest a person exists if the
law enforcement official, on the basis of the totality of the
circumstances, has sufficient knowledge or reasonably
trustworthy information to justify a person of reasonable
caution in believing that an offense has been or is being
committed by the person to be arrested."  United States v.
Hawkins, 37 F.4th 854, 858 (2d Cir. 2022) (citation omitted);
see also Maryland v. Pringle, 540 U.S. 366, 371-72 (2003)
("[T]he substance of all the definitions of probable cause is a
reasonable ground for belief of guilt" that is "particularized

with respect to the person to be searched or seized." (citation omitted)).  "If an officer has probable cause to believe that an individual has committed even a very minor offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."  Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).  Further, "it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of the arrest."  Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006); see also Devenpeck v. Alford, 543 U.S. 146, 153 (2004) (the "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause").

The facts recited in the FAC establish that the police had probable cause to arrest Boykin.  The Rules and Regulations of the City of New York (the "City Rules") provide that "the use of . . . highways by pedestrians . . . and bicycles is prohibited, unless signs permit such use."  34 R.C.N.Y. § 4-12(o).  It is undisputed that Boykin was in the highway on his bicycle when he was arrested.

Boykin does not dispute that if there was probable cause to believe that he was violating Rule 4-12(o) of the City Rules, his arrest would be constitutional.  Instead, Boykin contends

that a factual dispute regarding probable cause exists.  His
arguments are unavailing.

Boykin argues that he did not block traffic on the West
Side Highway, that he was documenting the protest as a member of
the press rather than participating in it, and that he was
sitting on his bicycle rather than riding it.  But none of these
considerations is relevant to the provision at issue, which
forbids the "use" of bicycles on highways.  34 R.C.N.Y. § 4-
12(o).  The precise manner of "use" (i.e., sitting or riding)
does not affect the applicability of the provision, and Boykin
does not identify any authority suggesting otherwise.  Boykin
similarly points to no authority that a violation of the rule
turns on the obstruction of traffic.  And, Boykin does not
identify any authority suggesting that the rule does not apply
to members of the press.

Boykin separately argues that the arrest was pretextual,
citing remarks by the arresting officers.  This argument also
fails.  The existence of pretext or ulterior motives behind an
arrest is not relevant to the determination of whether the
arrest was lawful.  The lawfulness of an arrest is an objective
test, and is not based on the arresting officer's subjective
beliefs.  See, e.g., Whren v. United States, 517 U.S. 806, 812–

13 (1996); United States v. Gomez, 877 F.3d 76, 97 (2d Cir. 2017); United States v. Scopo, 19 F.3d 777, 784 (2d Cir. 1994).

Boykin also argues that the email sent from the Mayor's press secretary apologizing for the arrest constitutes an "opposing party admission," under the Federal Rules of Evidence, that the NYPD lacked probable cause.  The email is irrelevant to Boykin's Fourth Amendment claim.  It cannot defeat the existence of probable cause based on Boykin's use of a bicycle on the highway.  Even assuming the email could be construed as a reference to the existence or non-existence of probable cause, plaintiff points to no authority suggesting that a press secretary's assessment of probable cause is relevant to the law's analysis of probable cause.

Finally, Boykin, citing to United States v. Giffen, 473 F.3d 30, 39-42 (2d Cir. 2006), argues he is entitled to an "actual public authority" or "entrapment by estoppel" defense, making the arrest illegal.  The defenses discussed in Giffen, however, are defenses against federal criminal charges, and Boykin has not explained how they would apply to the identified violation of the City Rules, much less to the evaluation of whether the FAC states a claim in this civil action.  Even assuming that the existence of these defenses is relevant to this Rule 12(b) motion, the FAC does not allege that Boykin was

in fact "authorized by the government" to use his bicycle on the highway, as required for an actual public authority defense, or that "the government procured the defendant's commission of the illegal act[] by leading him to reasonably believe he was authorized to commit" the act, as required for an entrapment by estoppel defense.  See id. at 39.  Boykin points to a single allegation in the FAC that the roadblocks were placed to facilitate the protest and protect the protestors.  But this characterization of the purpose of the roadblocks is not enough to make out either version of the public authority defense in Giffen.  Placing roadblocks to protect public safety on a highway does not suggest that the City "authorized" or "procured" commission of actions otherwise prohibited by the City Rules.

Because the FAC does not state a claim for false arrest under the Fourth Amendment, the City cannot be liable under Monell.  See, e.g., Matican, 524 F.3d at 154.  Therefore, Boykin's Fourth Amendment cause of action is dismissed.[2]

---

[2] Both the plaintiff and the defendant have submitted video evidence of the arrest.  It is unnecessary to decide how much, if any, of the video evidence to review because the allegations in the FAC are themselves sufficient to show that the officers had probable cause for the arrest.  Notably, however, the video evidence unmistakably shows the plaintiff on his bicycle on the West Side Highway at the time of his arrest.

II.  First Amendment

Boykin's § 1983 cause of action based on the First Amendment is also dismissed.  "[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in protected speech.  Hartman v. Moore, 547 U.S. 250, 256 (2006).  To prevail on a First Amendment claim based on a purported retaliatory arrest, the plaintiff "must plead and prove the absence of probable cause for the arrest."  Nieves v. Bartlett, --- U.S. ---, 139 S. Ct. 1715, 1724 (2019).  A "narrow" exception to this requirement exists when a plaintiff shows "that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech" were not.  Id. at 1727.

As explained above, there was probable cause supporting Boykin's arrest.  Boykin has also not alleged any facts to support this "narrow" exception.  Accordingly, Boykin's cause of action based on the First Amendment is dismissed.

III. Leave to Amend

Finally, Boykin's request for leave to amend is denied.  In general, leave to amend should be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend may be denied, however, "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."

11

Eastman Kodak Co. v. Henry Bath LLC, 936 F.3d 86, 98 (2d Cir. 2019) (citation omitted).  "A plaintiff need not be given leave to amend if [he] fails to specify . . . how amendment would cure the pleading deficiencies in [his] complaint."  TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014).

Boykin was already granted leave to amend the complaint once after the City moved for judgment on the pleadings.  At that time, the Court cautioned Boykin that it was "unlikely that plaintiff will have a further opportunity to amend."  Notably, the City's motion for judgment on the pleadings argued that there was probable cause to arrest Boykin based on 34 R.C.N.Y. § 4-12(o) and that this probable cause was sufficient to defeat Boykin's First and Fourth Amendment causes of action.  The FAC does not remedy the deficiencies identified by the City in that original motion.  Although Boykin requests leave to amend the complaint a second time, he does not explain how a further amendment would cure the deficiencies in the FAC or why he failed to remedy those same deficiencies the first time he amended his complaint.  As a result, any amendment would be futile, and the request for leave to file a second amended complaint is denied.

## CONCLUSION

The June 3, 2022 motion to dismiss the FAC is granted.  The Clerk of Court is directed to enter judgment for the defendant and close this case.


Dated:     New York, New York
           September 29, 2022


_____
          DENISE COTE
United States District Judge