MANDATE
Case 1:21-cv-01362-DLC    Document 63    Filed 11/29/23    Page 1 of 6


**MANDATE**

22-2675-cv
*Boykin v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-three.

Present:

> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___11/29/2023__

_____

KEITH BOYKIN,

> *Plaintiff-Appellant*,

v.                                                                                              22-2675-cv

CITY OF NEW YORK,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:    ELIE HONIG (Andrew Dubin, *on the brief*), Lowenstein Sandler LLP, Roseland, NJ

For Defendant-Appellee:    KATE FLETCHER (Richard Dearing, Ingrid R. Gustafson, *of Counsel*, *on the brief*), *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *District Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

\* \* \*

Plaintiff-Appellant Keith Boykin appeals from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *District Judge*), entered on September 30, 2022, dismissing his claims against Defendant-Appellee the City of New York (the "City") under Federal Rule of Civil Procedure 12(b)(6). Boykin's amended complaint makes the following factual allegations. New York City Police Department ("NYPD") officers arrested Boykin after witnessing him using his bicycle on the West Side Highway during a May 2020 protest in violation of the Rules and Regulations of the City of New York (the "City Rules") and charged him with "walking on a highway" and "disorderly conduct" for "blocking vehicular traffic." Boykin is a freelance reporter. He was observing a demonstration taking place on the West Side Highway. The following day, a representative of the City's then-mayor contacted Boykin notifying him that the City was working with the NYPD to drop the charges, which eventually occurred in September 2020. In February 2021, Boykin sued the City under 42 U.S.C. § 1983, alleging that the NYPD subjected him to false and retaliatory arrest, in violation of his Fourth and First Amendment rights, respectively. The district court dismissed both claims for failure to state a claim under Rule 12(b)(6) because it determined that the allegations in the amended complaint indicated that the officers had probable cause to arrest Boykin. We assume the parties' familiarity with the case.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and

drawing all reasonable inferences in the plaintiff's favor." *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020).[1]

## I. Fourth Amendment Claim

Section 1983 provides a cause of action for damages against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Under *Monell v. Department of Social Services of the City of New York*, a municipal government may be liable for a violation of § 1983. 436 U.S. 658, 690 (1978). "The elements of a *Monell* claim are (1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Agosto v. N.Y. City Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020).

Boykin alleges that the City violated his Fourth Amendment rights by subjecting him to a false arrest. "The existence of probable cause to arrest—even for a crime other than the one identified by the arresting officer—will defeat a claim of false arrest under the Fourth Amendment." *Figueroa v. Mazza*, 825 F.3d 89, 99 (2d Cir. 2016). "Probable cause to arrest a person exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." *United States v. Hawkins*, 37 F.4th 854, 858 (2d Cir. 2022). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

3

may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Here, the district court correctly concluded, construing the amended complaint's allegations in the light most favorable to Boykin, that the officers had probable cause to arrest him, which is fatal to his Fourth Amendment false arrest claim. The City Rules provide that "the use of . . . highways by pedestrians . . . and [operators of] bicycles is prohibited, unless signs permit such use." 34 R.C.N.Y. § 4-12(o). Boykin's complaint acknowledges that the arresting officers witnessed Boykin using his bicycle on a highway and that there were no physical signs posted permitting him to do so. The officers thus had probable cause to arrest him for that infraction because they witnessed him violate the ordinance. *See Kee v. City of New York*, 12 F.4th 150, 161 (2d Cir. 2021); *Atwater*, 532 U.S. at 354 (holding that an officer may arrest someone if they witness him "commit[] even a very minor criminal offense in [their] presence").

Boykin argues that there are factual disputes as to whether the arresting officers had probable cause to believe he had violated the ordinance, which preclude dismissal under Rule 12(b)(6). Specifically, he claims that the NYPD facilitated the protests by using their police vans to block car traffic on the highway, which he urges "amounted to a physical traffic sign – authorizing Mr. Boykin to 'use' his bicycle on the West Side Highway," Appellant's Br. at 16, as contemplated by the City Rule. His complaint, however, alleges no facts to support his conclusory assertion that the closing of the highway to traffic served as a sign notifying demonstrators and press representatives covering the demonstration that they were authorized to walk and ride bicycles on the highway. Rather, his complaint alleged that "the protestors marched onto and down the West Side Highway," moving south from about 104th Street toward the NYPD blockade, which was set up at 99th Street, five blocks downstream of their direction of travel. App'x at 106.

4

Although his brief asserts that "[w]hen the protestors marched onto the West Side Highway, the police did not prevent the protestors" from doing so, Appellant's Br. at 17, this allegation does not appear in his complaint; in fact, his complaint includes no factual allegations suggesting that police were even present at 104th Street when Boykin and the protestors entered the highway.[2]

Nor has Boykin pleaded facts supporting the inference that an objectively reasonable arresting officer would have understood the police department's use of vans to close the highway to vehicular traffic as a sign authorizing walkers and bikers to use the highway in contravention of the City Rule. So far as the complaint reveals, what the arresting officer saw was a person using his bicycle on the highway in violation of the City Rule. Because Boykin's assertion is not supported by allegations of facts rendering it plausible, we do not accept it as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").[3]

Accordingly, we affirm the district court's dismissal of Boykin's § 1983 claim premised on false arrest in violation of the Fourth Amendment.

## II. First Amendment Claim

Boykin also alleges that the City violated his First Amendment rights by subjecting him to a retaliatory arrest. "[A] plaintiff pressing a retaliatory arrest claim must plead and prove the

---

[2] The City points to footage from body-worn cameras in which Boykin admitted, in response to an officer's question, that he understood he was not allowed on the roadway, and argues that this takes much, if not all, of the air out of his allegation that he was permitted to bike on the highway. Boykin submitted this footage together with his opposition to the City's prior motion for judgment on the pleadings. But because this appeal arises from dismissal of the complaint for failure to state a claim, we limit our review to the facts alleged in that complaint and do not consider extrinsic evidence such as the camera footage.

[3] Boykin also argues in passing that his arrest was pretextual. Appellant's Br. at 20. But even if he had adequately pled a pretextual reason for his arrest, that would not bear on whether the arresting officers had probable cause based on the objective circumstances. *Whren v. United States*, 517 U.S. 806, 814 (1996) ("[T]he Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, *whatever* the subjective intent [of the arresting officer].").

5

absence of probable cause for the arrest." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019). "[A] narrow qualification is warranted for circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so." *Id.* at 1727. Boykin does not argue that this is one of those "narrow" circumstances—indeed, his complaint suggests that the police arrested a number of people who were present at the protest, including pedestrians. We accordingly affirm the district court's dismissal of Boykin's § 1983 claim premised on retaliatory arrest in violation of the First Amendment, based on our conclusion above that the police had probable cause to arrest Boykin.

<div style="text-align:center">* * *</div>

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

<div style="text-align:right">
FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk
</div>

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6